**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JUSTIN BAUM,

        Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; *et.al.*,

        Defendants.

Case No. 2:15–cv–1917–APG–VCF

**ORDER**

Before the court are the following motions:

1. Baum's motion to extend discovery deadlines (ECF No. 23); State Farm's response (ECF No. 26); and Baum's reply (ECF No. 30).

2. State Farm's counter motion to strike (ECF No. 27); Baum's response (ECF No. 32); and State Farm's reply (ECF No. 35).

3. State Farm's motion for a protective order (ECF No. 29); Baum's response (ECF No. 34); and State Farm's reply (ECF No. 36).

4. Baum's motion to compel (ECF No. 25); State Farm's response (ECF No. 28); and Baum's reply (ECF No. 31).

**I. Discussion**

1. <u>Baum's Motion to Extend Discovery Deadlines is Granted</u>

"A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline." LR 26-4. "A request made within 21 days of the subject deadline must be supported by a showing of good cause." *Id.* "A request

1

made after the expiration of the subject deadline will not be granted unless the movant demonstrates the failure to act was the result of excusable neglect." *Id.*

On May 6, 2016, this court extended the parties discovery deadlines. (ECF No. 21) Initial expert disclosures were due on June 24, 2016, rebuttal expert disclosures were due on July 24, 2016, and discovery was set to close on August 25, 2016. (*Id.*)

On June 24, 2016, the same day initial expert disclosure were due, Baum filed a motion to extend discovery deadlines. (ECF No. 23) Baum's proposed discovery deadlines would extend by 90 days. (*Id.*) State Farm contends that Baum filed his motion *after* the initial expert disclosure deadline had passed and thus was required to show excusable neglect. (ECF No. 26) Unsurprisingly, State Farm maintains that Baum has not shown excusable neglect. This court disagrees with State Farm's position regarding Baum's compliance with Local Rule 26-4.

Merriam-Webster dictionary defines "after" as "following in time" or "later in time." Merriam-Webster online dictionary. Baum filed his motion to extend time on the same day initial expert disclosures were due. (ECF No. 23) Baum's filing was not "later in time" than the expiration of the disclosure deadline; it was contemporaneous.[1] As such Baum is only required to show "good cause" for an extension of the discovery deadlines. LR 26-4. Baum has made this showing.

A substantial amount of discovery still needs to be completed in this action, including Baum's deposition, State Farm's deposition, and State Farm's responses to Baum's requests for production. (ECF No. 23) Baum also represents that documents responsive to its requests for production are necessary for its expert to complete his report. (ECF No. 25) Given the amount and importance of the

---

[1] State Farm reasons that since Baum filed his motion at approximately 9:00 p.m., his request was made after the initial expert disclosure deadline had passed. (ECF No. 26) The insurance company does not offer any support for this assertion. (*Id.*) This court therefore cannot conclude that Baum's motion was filed *after* the initial expert disclosure deadline.

discovery that still needs to be completed, Baum has shown good cause for this court to grant his proposed discovery deadline extensions.

2.     State Farm's Motion to Strike is Denied

"A party must disclose to the other parties the identity of any witnesses it may use at trial to present testimony under Federal Rules of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). An expert witness disclosure "must be accompanied by a written report." FED. R. CIV. P. 26(a)(2)(B).

The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1)

   a.     *Baum's Designation of Gary Fye was Timely*

Baum represents that his attorney placed Gary Fye's expert disclosure documents in the mail on June 24, 2016, the day initial expert disclosure were due. (ECF No. 32 at 5) State Farm states that it did

not receive the Fye disclosure until July 1, 2016, approximately one week after Baum's attorney placed the disclosure in the mail.  (ECF No. 27)

The insurance company claims that the sole explanation for the one-week delay was that Baum's attorney "intentionally misrepresented the service date of the purported disclosure." (*Id.*)  State Farm alleges that Baum's attorney or another employee at Baum's attorney's law firm deliberately manipulated the mailing envelope in order to make it appear that Baum had met the initial expert disclosure deadline. (*Id.*)  Not only does the insurance company want Fye stricken as an expert witness, it wishes depose Baum's attorney and other employees at the law firm to determine who prepared the Fye disclosure for mailing. (*Id.*)

State Farm's speculation about Baum's attorney's conduct does not demonstrate that the Fye disclosure was untimely.  There are number of possible explanations for the one-week delay.  Baum's claim that his attorney did place the Fye disclosure in the mail on June 24, 2016 is more persuasive than State Farm's unfounded speculation.  Baum's disclosure of Fye was timely.

    b.  *Gary Fye's Expert Disclosure Complied with Rule 26*

State Farm argues that the Fye disclosure was deficient because it was not accompanied by an expert report.  (ECF No. 27)  Baum acknowledges that the Fye disclosure was incomplete, but maintains that it needs State Farm's complete claim file in order to have Fye complete his report.  (ECF No. 32)  Baum represents that the Fye disclosure did include: (1) Fye's name and contact information; (2) Fye's fee schedule; (3) Fye's curriculum vitae; and (4) a preview of the opinions Fye is expected to render. (*Id.*)  State Farm does not refute that it received this information, but maintains that Fye should be stricken because "no expert report was disclosed."  (ECF No. 35)

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the

evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010). "The burden is on the party facing exclusion to prove the delay was justified or harmless." *Id.*

In *Lanard Toys*, the plaintiff timely disclosed a "preliminary" expert declaration "containing detailed information about [the expert's] background and expertise, a copy of his curriculum vitae, a list of representative cases in which he had testified, a listing of the materials reviewed in support of his declaration, and a statement of his scope of work in this case." *Id.* Later, before the close of expert discovery, the plaintiff served a "supplemental" expert declaration, which completed its expert's report. *Id.* The Ninth Circuit held that the service of plaintiff's "preliminary" expert declaration before the expert disclosure deadline rendered harmless the late disclosure of the complete expert report. *See id.*

The information that accompanied the Fye disclosure is similar to the "preliminary" expert declaration in *Lanard Toys*. Since it does not dispute that it received a description of Fye's anticipated testimony, State Farm will not be prejudiced or surprised by Fye's testimony consistent with that declaration. Baum has also stated that he will supplement Fye's report once State Farm responds to his requests for production. (ECF No. 32) Fye is therefore not stricken as an expert.

3.      State Farm's Motion for Protective is Granted in Part

"A party or any person from whom discovery is sought may move for a protective order." FED R. CIV. P. 26(c). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [by] … forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c).

Prior to the filing of State Farm's motion, the parties unsuccessfully attempted to enter into a stipulated confidentiality order. (ECF No. 29) The proposed order stated, in relevant part, that "[d]ocuments initially designated as "confidential" by either party are solely to be used in the confines of this litigation." (ECF No. 29-5) The sentence at issue reads as follow: "[u]pon delivery of any document or other information designated [confidential], another party may within 20 days of delivery of the document or other information, send a letter to the producing party challenging any such designations by indicating by bates number ranges or other sufficient identifying information precisely which documents the challenging party asserts are not in fact 'confidential.'" (*Id.*)

Baum objected to State Farm's proposed 20-day window to challenge the confidentiality of documents or information produced during discovery.[2] (ECF No. 34) Baum argues that the clause "within 20 days of delivery of the document or information" serves no purpose and should be deleted. (ECF No. 34) This court agrees.

State Farm argues that its proposed 20-day time limitation will "guard against improper ambush of the Defendant in this case following its document disclosures" (ECF No. 29), and provide a "mechanism to safeguard the documents containing confidential, proprietary and otherwise protected information from being unilaterally 'declassified' by Plaintiff at trial or otherwise in this action." (ECF No. 36) The insurance company's position is devoid of analysis, and the company does not cite to any authority to support its position. (ECF No. 29); (ECF No. 36) It does not appear that State Farm would suffer a greater harm, if it suffered harm at all, if a document was "declassified" at trial than it would suffer if the document was successfully challenged during discovery. This court however will enter a protective order to protect any confidential information disclosed during discovery. The proposed

---

[2] The parties appear to agree to all other terms in the proposed confidentiality order. (ECF No. 29); (ECF No. 34)

protected order (ECF No. 29-5) will be entered on the docket with the following modification: the clause "within 20 days of delivery of the document or other information" is deleted from the second sentence of paragraph 8.

4.  <u>Baum's Motion to Compel is Granted</u>

"A party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information … (ii) a copy – or description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in his possession custody or control and may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A).

Baum seeks three categories of information: (1) the identity of State Farm claims personnel who have pertinent knowledge about his insurance claim; (2) the claims material regarding his claim; and (3) a copy of Baum's insurance policy. (ECF No. 25) State Farm contends that it "produced materials regarding each and every one of the requests Plaintiff makes in his Motion to Compel (ECF No. 25), with agreement to provide the remainder of the information requested by Plaintiff once a Stipulation and Order for Confidentiality is entered by this Court." (ECF No. 28) As this court had not entered a stipulated confidentiality order, State Farm has yet to produce initial disclosure documents that it believes are confidential. (*Id.*) As discussed above, this court will enter State Farm's proposed confidentiality order as modified. Once this order is entered, State Farm is ordered to produce any confidential material responsive to the requests made in Baum's motion to compel.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Baum's motion to extend discovery deadlines (ECF No. 23) is GRANTED.

IT IS FURTHER ORDERED that State Farm's motion to strike (ECF No. 27) is DENIED.

7

IT IS FURTHER ORDERED that State Farm's motion for a protective order (ECF No. 29) is GRANTED in part and DENIED in part.  The parties' proposed confidentiality order (ECF No. 29-5) is entered on the docket with the following modification: the phrase "within 20 days of delivery of the document or information" is deleted from the second sentence of paragraph 8.  All other paragraphs remain unaltered.

IT IS FURTHER ORDERED that Baum's motion to compel (ECF No. 25) is GRANTED.  On or before August 29, 2016, State Farm must serve supplemental responses to its initial disclosures.

IT IS FURTHER ORDERED that the hearing scheduled for 1:00 p.m. on August 17, 2016 in Courtroom 3D is VACATED.

IT IS SO ORDERED.

DATED this 16th day of August, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE